Melvin Alfredy **MEZA–RIVERA,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General,* Respondent.

No. 99–70844.

I & NS No. A29–320–291.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2001 **.

Decided March 14, 2001.

Before PREGERSON, THOMAS, GOULD, Circuit Judges.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel finds this case appropriate for submission *without oral argument pursuant to* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Melvin Alfredy Meza–Rivera is a native and citizen of Honduras. In March 1993, he entered the United States without inspection. In August 1995, he was deported for a cocaine conviction. Meza–Rivera illegally reentered the United States in September 1995. In 1998, the Immigration and Naturalization Service ("INS") again initiated deportation proceedings against Meza–Rivera.

■ The INS subsequently moved to terminate deportation proceedings against Meza–Rivera so that it could reinstate his prior deportation order pursuant to the Immigration and Nationality Act ("INA") § 241(a)(5). Section 241(a)(5) permits the Attorney General to reinstate a prior deportation order against an alien who has been deported, and who then reenters illegally. The Attorney General can reinstate the prior deportation order without affording the alien a hearing of any sort. *See* *Castro–Cortez v. INS*, 239 F.3d 1037 (9th Cir.2001).

The Immigration Judge ("IJ") granted the INS's motion and ordered that the proceedings against Meza–Rivera be terminated. Meza–Rivera filed an untimely appeal with the Board of Immigration Appeals ("BIA"), which the BIA refused to consider. Meza–Rivera now petitions for review of the BIA's decision to refuse to consider his appeal.

■ INA § 242 authorizes this court to review final orders of removal. *See id.* at 1043–44. Meza–Rivera is not asking that we review a final order of removal against him. Instead, he asks that we review the

BIA's refusal to consider an appeal from an IJ decision to terminate his deportation proceedings. Because Meza–Rivera is not asking us to review a final order of removal, we have no jurisdiction to hear his petition for review.

As a final note, we direct the parties' attention to *Castro–Cortez,* which holds that the reinstatement provision, INA § 241(a)(5), does not apply to aliens who reentered the United States before IIRIRA's effective date, April 1, 1997. *Castro–Cortez,* at 1040. Meza–Rivera reentered in September 1995, so the reinstatement provision does not apply to him. If the INS wishes to deport Meza–Rivera, it must do so by initiating deportation proceedings against him.

PETITION DISMISSED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.